IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Monster Daddy, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:06-293-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Monster Cable Products, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Monster Daddy, LLC's ("Monster Daddy") motion to dismiss Monster Cable Products, Inc.'s ("Monster Cable") second amended complaint, or alternatively, motion for a more definite statement and motion to dismiss proposed marks from the case. After review, the court denies the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Monster Daddy is "a holding company engaged in the licensing of intellectual property and other assets in the cleaning, marine and automotive industries." (Pl.'s Sec. Am. Compl. ¶ 9.) Monster Cable is a corporation that owns "several hundred trademarks, most of which include the term 'MONSTER' ("Monster trademarks") either by itself or in combination with other terms." (Def.'s Mem. Supp. Mot. Dismiss 3.) Monster Cable claims that it has been using the Monster trademarks in connection with a range of products, "including but not limited to, electrical, audio, video, clothing, musical items and thereafter on related items, including products and services in connection with computers, the Internet and electronic commerce." (Def.'s Sec. Am. Ans. 9.)

1

On January 27, 2006, Monster Daddy filed a declaratory judgment action seeking a declaration that twenty-one (21) alleged trademarks did not cause a likelihood of confusion with Monster Cable's Monster trademarks, and thus did not infringe or dilute any of those marks. (Def.'s Mot. Dismiss 2.) On August 15, 2006, Monster Cable filed an answer and counterclaim. On August 18, 2006, after the court granted its motion to amend the complaint, Monster Daddy filed an amended complaint correcting its name from Monster Productions, LLC. Monster Cable filed an amended answer to the amended complaint on August 28, 2006.

On September 13, 2006, the court entered an amended conference and scheduling order which set November 1, 2006, as the deadline for filing motions to amend the pleadings. On October 31, 2006, without filing a motion to amend its complaint, Monster Daddy filed its second amended complaint reasserting its declaratory judgment claim and adding five new claims: intentional interference with business relations, federal unfair competition, common law trademark infringement, common law unfair competition, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (Pl.'s Sec. Am. Compl.)

## II. DISCUSSION OF THE LAW

### A. Rule 15

Monster Cable argues that Monster Daddy's second amended complaint should be dismissed because Monster Daddy violated Rule 15 of the Federal Rules of Civil Procedure and failed to comply with the court's amended conference and scheduling order. Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

"Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Id.

Monster Cable filed a response to Monster Daddy's original complaint on August 15, 2006, and to the amended complaint on August 28, 2006. Therefore, Rule 15 required Monster Daddy to procure either leave of court or Monster Cable's written consent prior to filing its second amended complaint. By filing the second amended complaint without leave of court or Monster Cable's written consent, Monster Daddy violated Rule 15. However, "leave [to amend a pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

Under this standard, the court would have granted Monster Daddy's motion to amend its complaint if Monster Daddy had filed such a motion on October 31, 2006, rather than filing its second amended complaint on that date. Such a motion would have been timely under the amended conference and scheduling order. Further, Monster Cable has not alleged any prejudice resulting from Monster Daddy's filing of its second amended complaint. Under these circumstances, the court is constrained to deny Monster Cable's motion to dismiss the second amended complaint based on Monster Daddy's violation of Rule 15 of the Federal Rules of Civil Procedure.

### B. Subject Matter Jurisdiction

Monster Cable alleges that Monster Daddy's declaratory judgment claim must be

dismissed because the court does not have subject matter jurisdiction to hear this claim. (Def.'s Mot. Dismiss Sec. Am. Compl. 6.) In a motion to dismiss for lack of subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Eldeco, Inc. v. Skanska USA Bldg., Inc., 447 F. Supp. 2d 521, 523 (D.S.C. 2006) (internal quotation marks omitted). "The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment." Id.

Monster Cable argues that no actual controversy exists with regard to sixteen (16) of the trademarks at issue in this case ("proposed marks"). Monster Cable argues that because the proposed marks have not been used by Monster Daddy, Monster Daddy has no enforceable rights in the proposed marks. (Id. 4, 6.) Thus, Monster Cable contends that there is no case or controversy with respect to the proposed marks. (Id. 8.)

Monster Daddy alleges that it "has in fact made widespread use of many of these Monster Marks." (Pl.'s Mem. Opp'n Mot. Dismiss Sec. Am. Compl. 7.) Further, in its second amended complaint, Monster Daddy refers to its current "use of its Monster Marks." (Def.'s Sec. Am. Compl. ¶¶ 31, 52.) The court finds that at this stage, Monster Daddy's allegations of current use of the proposed marks at issue in this case are sufficient to overcome Monster Cable's motion to dismiss for lack of subject matter jurisdiction.

### C. Rules 12(b)(6) and 12(e)

In federal court, a Plaintiff must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a

complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). Furthermore, the court must treat the factual allegations of the nonmoving party as true. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### 1. Count II

Monster Cable alleges that Monster Daddy's intentional interference with business relations claim ("Count II") should be dismissed on the grounds that the relief sought cannot be granted. "To recover on a cause of action for intentional interference with prospective contractual relations . . . [the] plaintiff must prove: (1) the defendant intentionally interfered with the plaintiff's potential contractual relations; (2) for an improper purpose or by improper methods; (3) causing injury to the plaintiff." Egrets Pointe Townhouses Property Owners Ass'n, Inc. v. Fairfield Communities, Inc., 870 F. Supp. 110, 116 (D.S.C. 1994) (applying South Carolina law). Monster Daddy has alleged all three elements in its second amended complaint. (Sec. Am. Compl. ¶¶ 35-42.) Therefore, it cannot be said that "the claimant can prove no set of facts that would entitle [him] to relief," and Monster Cable's motion to dismiss Count II is denied. Labram, 43 F.3d at 920.

### 2. Count III: Unused Marks

In the second amended complaint, Monster Daddy alleges claims under 15 U.S.C. § 1125(a) of the Lanham Act for federal unfair competition, false designation of origin, and false description of goods ("Count III claims"). (Sec. Am. Compl. ¶¶ 43-49.) Monster Cable moves to dismiss Monster Daddy's proposed marks from the Count III claims on the grounds

that the relief sought cannot be granted.  In the alternative, Monster Cable moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure requiring Monster Daddy to "identify which mark or marks Monster Cable allegedly copied and what products or goods Monster Cable allegedly sold."  (Def.'s Mem. Supp. Mot. Dismiss 14.)

In support of its motion, Monster Cable argues that because Monster Daddy has no rights in its proposed marks, Monster Daddy cannot obtain any relief under the Count III claims. (Id. 13-14.)  In its second amended complaint, Monster Daddy alleges, among other things, that Monster Cable "intentionally has traded upon the goodwill established by Monster Daddy through its advertising and sales of goods bearing the Monster Marks by copying Monster Daddy's trademarks" and "willfully has promoted in interstate commerce the sale of its goods, which are reproductions of and/or confusing simulations of Monster Daddy's Monster Marks." (Sec. Am. Compl. 45, 47.)  Additionally, Monster Daddy alleges that in connection with Monster Cable's sale of "products labeled MONSTER SCREENCLEAN and MONSTER ICLEAN,"  Monster Cable has used "a false designation of origin, or a false or misleading description or representation of fact . . . ."  (Id. ¶ 44.)  Further, Monster Daddy claims rights in the trademarks at issue through use of the trademarks.  (Id. ¶ 52.)

The court finds that these allegations are sufficient, if true, to sustain Monster Daddy's claim under 15 U.S.C. § 1125(a) of the Lanham Act for federal unfair competition, false designation of origin, and false description of goods.  Therefore, the court denies Monster Cable's motion to dismiss the Count III claims with respect to the proposed marks.  Further, the court denies the motion for a more definite statement because the pleading is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R.

Civ. P. 12(e).

### 3.  Count IV: Unused Marks

In its second amended complaint, Monster Daddy alleges claims for common law trademark infringement and unfair competition.  Monster Cable moves to dismiss these claims on the grounds that the relief sought cannot be granted.  In the alternative, Monster Cable moves the court to require Monster Daddy to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Monster Cable argues that Monster Daddy cannot obtain the relief sought because Monster Daddy has no rights in its proposed marks.  However, Monster Daddy claims "common law rights in and to its Monster Marks" based on its "use of its Monster Marks in association with its general purpose household cleaning products."  (Sec. Am. Compl. ¶¶ 52, 54.)  Further, Monster Daddy alleges that Monster Cable's conduct has infringed on the trademarks owned by Monster Daddy and constitutes common law unfair competition.  (Id. ¶ 54.)  These allegations, if true, are sufficient to sustain a common law trademark infringement and unfair competition claim.  Therefore, the court denies Monster Cable's motion to dismiss Count IV in respect to Monster Daddy's proposed marks.  Further, the court denies Monster Cable's motion for a more definite statement because the pleading is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).

### 3.  Count V

In its second amended complaint, Monster Daddy alleges that Monster Cable has willfully engaged in deceptive and unfair conduct in violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. 39-5-10 et seq.  Monster Cable moves to dismiss this claim

on the grounds that the relief sought cannot be granted.

In support of its motion, Monster Cable argues that "for Monster Cable to violate this statute, it must have engaged in either advertising, offering for sale, sale or distribution of services or property," and that Monster Daddy does not allege that Monster Cable was involved in any of these types of conduct. However, Monster Daddy has clearly alleged that Monster Cable "developed, promoted, and sold its goods." (Sec. Am. Compl. ¶ 53.) Therefore, this argument is without merit.

Additionally, Monster Cable argues that Monster Daddy "is attempting to use the SCUTPA in a way that is expressly prohibited, i.e. to seek redress to an alleged private wrong." (Def.'s Mem. Supp. Mot. Dismiss 16.) In its second amended complaint, Monster Daddy alleges that Monster Cable's actions affect the public interest because they have the potential for repetition. In South Carolina, "[a]n unfair or deceptive act has an adverse impact upon the public interest if it has the potential for repetition." Haley Nursery Co. v. Forrest, 381 S.E.2d 906, 908 (S.C. 1989). The court cannot say that Monster Daddy can prove no set of facts to support the claim and entitle it to relief. Therefore, Monster Cable's motion to dismiss Monster Daddy's claim under South Carolina's Unfair Trade Practices Act is denied. Based on the foregoing, Monster Cable's motion to dismiss Monster Daddy's second amended complaint, or in the alternative, motion for a more definite statement is denied.

It is therefore

**ORDERED** that Monster Cable's motion to dismiss, or in the alternative, motion for a more definite statement, docket no. 48, is denied.

**IT IS SO ORDERED**.

                                                     s/Henry M. Herlong, Jr.
                                                     United States District Judge

Greenville, South Carolina
January 24, 2007